591 A.2d 778

**Anthony BAILEY, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 15, 1991.

Decided May 20, 1991.

Alan J. Manderino, Monessen, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before PALLADINO and BYER, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Before this Court is a *pro se* petition for review filed by Anthony Bailey (Petitioner), seeking review of a decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for a recomputation of backtime imposed by the Board for parole violations. A brief in support of Petitioner's petition has been filed by the Office of the Public Defender of Westmoreland County, which was appointed to represent Petitioner in this matter by order of this Court dated November 19, 1990.

Preliminarily, we note that Petitioner's *pro se* petition was styled, "Petition for Review in the Nature of a Writ of Mandamus." However, upon review of the record, this Court determined that Petitioner's action should not be treated as a mandamus action addressed to this Court's original jurisdiction, but as an administrative appeal to this Court from a decision of the Board denying his request for recomputation of backtime. Pursuant to this Court's order of November 19, 1990, and in accordance with Section 708(c)

of the Judicial Code,[1] Petitioner's petition has been regarded and acted upon as an appeal from a determination of the Board. Accordingly, our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, procedural rules have been violated, or necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Petitioner presents us with the question of whether the Board erred in disregarding an order of the Allegheny County common pleas court retroactively modifying the date on which Petitioner was paroled from a county sentence, and thereby became available to state parole authorities to begin serving backtime which the Board had imposed for parole violations. Petitioner contends that the Board erred in not recognizing the revised county sentence parole date set by the sentencing judge, and giving effect to that revised date in computing the date on which Petitioner would complete serving backtime imposed by the Board. The Board takes the position that the order retroactively setting a revised county sentence parole date for Petitioner is a "nullity" which the Board has the power to disregard.

The record reveals that Petitioner was released on parole by the Board on April 15, 1986 from a 1 and ½ to 7 year sentence he had been serving at a state correctional facility. While on parole, Petitioner was arrested in Allegheny County on June 19, 1988, charged with criminal conspiracy and two counts relating to possession of a controlled substance.

1. 42 Pa.C.S. § 708(c), which reads:
 If a complaint in the nature of equity, mandamus, prohibition, quo warranto or other original process is commenced in any court against a government unit ... where the proper mode of relief is an appeal from the determination of the government unit, this alone shall not be a ground for dismissal, but the papers whereon the process against the government unit ... was commenced shall be regarded and acted on as an appeal from such determination of the government unit and as if filed at the time such process was commenced.

Petitioner was unable to make bail, and so remained jailed following his arrest on the new charges. On December 13, 1988, Petitioner entered a guilty plea to the new charges and received an aggregate sentence of 11 and ½ to 23 months incarceration.

In July 1988, the Board ordered that Petitioner be recommitted "when available" to serve 6 months backtime for a technical parole violation. This technical violation was based on Petitioner's failure to comply with Special Condition No. 6 of his parole, which required him to attend outpatient drug/alcohol therapy and family counseling if deemed necessary by his parole agent. Following Petitioner's guilty plea and sentencing, the Board further ordered that Petitioner be recommitted "when available" to serve an additional 18 months backtime as a convicted parole violator, resulting in a total of 24 months backtime.

Petitioner was paroled by the sentencing judge from his county sentence on July 18, 1989, at which point he had served 13 months of the 11 and ½ to 23 month sentence. The Board determined that Petitioner became available to commence serving backtime on July 18, 1989, and accordingly set his reparole date as July 18, 1991, 24 months afterwards. However, Petitioner contends that his reparole date should have been set for January 18, 1991. He arrives at this conclusion based on two orders of the sentencing judge, both of which were entered well after Petitioner had been released from the county sentence and returned to the custody of the state authorities.

 As stated above, the sentencing judge granted Petitioner's petition for parole effective July 18, 1989. It would appear that the sentencing judge had intended that Petitioner be paroled from his county sentence after having served only 7 months time, rather than the 13 months time actually served. The sentencing judge was apparently under the mistaken impression that the time Petitioner spent in custody between his arrest and sentencing would be credited towards the backtime imposed by the Board. However, because Petitioner was unable to make bail after his arrest,

this time period was correctly counted as time served on the sentence imposed December 13, 1988. *See Gaito v. Pennsylvania Board of Probation and Parole,* 128 Pa.Commonwealth Ct. 253, 563 A.2d 545 (1989) (where a parolee is arrested and retained in custody solely due to his failure to make bail, and is later convicted of the criminal charge(s) which led to his arrest, such time spent in custody is properly credited against the sentence imposed for the parolee's new conviction).

In an effort to achieve the result he desired, the sentencing judge entered an order which reads in relevant part:

2. Defendant's Petition for Parole, granted July 18, 1989, granting him parole after what had been perceived to be service of seven (7) months of an 11½–23 month sentence, is hereby granted retroactively to February 18, 1989, to achieve the intention of the Court;

*See MEMORANDUM AND ORDER OF COURT* of June 27, 1990. Giving effect to this order would have resulted in Petitioner serving an 8 month sentence (June 18, 1988 through February 18, 1989). The sentencing judge sought to correct this by again entering an order which "modified" Petitioner's parole date. This final order, dated July 30, 1989, directed that Petitioner's parole petition was to be granted retroactively to January 18, 1989, resulting in a 7 month county sentence for Petitioner.

In September 1990, Petitioner made a request to the Board to set his reparole date for January 18, 1991, giving effect to the orders of the trial court retroactively modifying his county sentence parole date. In a letter dated October 9, 1990, the Board denied Petitioner's request, stating that the retroactive parole order was a nullity. It is this determination of the Board which is now before this Court for review.

In its letter of October 9, 1990, the Board cites two cases in support of its position that the Board could disregard these retroactive parole orders: *Fleegle v. Pennsylvania Board of Probation and Parole,* 110 Pa.Commonwealth Ct. 227, 532 A.2d 898 (1987), *petition for allowance of appeal*

*denied,* 518 Pa. 614, 540 A.2d 535 (1988); and *Patrick v. Pennsylvania Board of Probation and Parole,* 110 Pa.Commonwealth Ct. 121, 532 A.2d 487 (1987). Both *Fleegle* and *Patrick* addressed situations where the sentencing judge entered an order which simultaneously imposed a county sentence and granted parole from the county sentence retroactive to a date prior to the date of sentencing. We held that a common pleas court lacked the legal authority to make its grant of parole retroactive to a date prior to the date of the actual imposition of sentence.

 It is true, as Petitioner asserts and the Board acknowledges, that these cases are factually distinguishable from the present case, since the sentencing judge here did not attempt to retroactively set Petitioner's parole date to a date prior to the actual imposition of sentence. However, we believe that the action of the sentencing judge in this case is equally violative of the basic principle enunciated in *Fleegle* and *Patrick* that a common pleas court, through the use of retroactive parole, may not do indirectly what it is powerless to do directly; namely, make a portion of Petitioner's Board imposed backtime run concurrently with a newly imposed county sentence.[2] While that may not have been the intent of the sentencing judge in setting a retroactive parole date for Petitioner, the practical result would, nevertheless, be the same as if that had been the sentencing court's intent. We conclude that the Board acted properly in not recomputing Petitioner's backtime based on the orders of the sentencing court setting retroactive parole dates for Petitioner.

In his brief, Petitioner's counsel suggests that the holdings of *Fleegle* and *Patrick* have somehow been rendered "questionable" in light of the holding of the Superior Court in *Commonwealth v. Romolini,* 384 Pa.Superior Ct. 117, 557 A.2d 1073 (1989). Our reading of *Romolini* does not

2. *See* Section 21.1(a) of the Act of August 6, 1941, P.L. 861, *as amended,* added by Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended,* 61 P.S. § 331.21a(a); *Commonwealth v. Dorian,* 503 Pa. 116, 468 A.2d 1091 (1983).

lead us to conclude that the Superior Court has raised any doubts or questions as to the validity of this Court's holdings in *Fleegle* and *Patrick;* indeed, both cases are cited in *Romolini* with approval in a passage in which the Superior Court indicates that "it is beyond the power of the Common Pleas Court to order that parole become effective on a date prior to the date sentence is actually imposed." *Id.,* 384 Pa.Superior Ct. at 126, 557 A.2d at 1077. While *Romolini* does, to some degree, contrast the scope of authority to grant parole vested in the common pleas courts with that vested in the Board, we read nothing in *Romolini* which indicates that a common pleas court has authority to recognize, or, more importantly, require that the Board recognize, a retroactive parole date.

In *Patrick* we noted that courts of common pleas have no inherent right to grant paroles, and that any power or authority to do so must come from the General Assembly. The power of the common pleas courts to grant parole has been conferred on them by the Act of June 19, 1911, P.L. 1059, *as amended,* 61 P.S. § 314. Our reading of that statute likewise does not lead us to conclude that the sentencing judge possessed any authority which permitted him to act as he did here.

■ Moreover, we question the authority of the sentencing court to "modify" its original order setting Petitioner's county sentence release date as July 18, 1989, some 11–12 months after that original order had been entered. We believe that the sentencing court was without jurisdiction in June or July of 1990 to modify its original order releasing Petitioner on July 18, 1989 from his county sentence. *See* Section 5505 of the Judicial Code, 42 Pa.C.S. § 5505; *Commonwealth v. Sheppard,* 372 Pa.Superior Ct. 550, 539 A.2d 1333 (1988). To hold otherwise would permit a judge to change or modify his order for an indeterminate amount of time, and give no recognition of finality to the court's order.

Petitioner has established no error on the part of the Board in disregarding the sentencing court orders in question. The Board committed no error in simply computing Petitioner's reparole date, after serving 24 months back-

time, as being July 18, 1991, which date is 24 months after the date Petitioner was actually released from his county sentence. Accordingly, the Board's decision to deny Petitioner's request that it recompute his reparole date was not improper.

For the reasons set forth in the foregoing opinion, the decision of the Board to deny the relief sought by Petitioner is affirmed.

BYER, J., concurs in result only.

## ORDER

AND NOW, May 20, 1991, the determination of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.