# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Vann,                                    :
                          Petitioner             :
                                                 :
             v.                                  :    No. 1067 C.D. 2017
                                                 :    Submitted: February 16, 2018
Pennsylvania Board of Probation                  :
and Parole,                                      :
                          Respondent             :


BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                          **FILED: April 10, 2018**


Michael Vann (Vann) petitions for review of the Decisions of the Pennsylvania Board of Probation and Parole (Board), mailed July 19, 2017, and July 20, 2017, which denied his administrative appeal of a Board order recommitting him to serve 6 months of backtime[1] as a technical parole violator (TPV) and 12 months of backtime as a convicted parole violator (CPV), concurrently, and recalculating his maximum sentence date to February 15, 2019.[2] Vann contends that the Board

---

[1] "Backtime is the remaining part of a pre-existing judicially imposed sentence that a parole violator is directed to serve before again being eligible to apply for reparole on that particular sentence." *Snyder v. Pa. Bd. of Prob. and Parole*, 701 A.2d 635, 636 n.1 (Pa. Cmwlth. 1997).

[2] Although Vann challenges two decisions of the Board, he filed only one petition for review. While we discourage the filing of a single petition for review when challenging more than one decision of the Board, under the circumstances of this case, where the issue raised in the

erred in not giving him the appropriate amount of credit toward his original sentence. After review, we affirm.

## I.  Background

On June 20, 2011, upon Vann's conviction for robbery in violation of Section 3701(a)(1)(v) of the Crimes Code, 18 Pa. C.S. § 3701(a)(1)(v), Vann was sentenced to a term of imprisonment of between 18 months and 5 years.  (2016 Sentence Status Summary, Certified Record (C.R.) at 1.)   The original sentence minimum and maximum dates were April 6, 2012, and October 6, 2015, respectively.  (*Id.*)   On December 20, 2012, the Board paroled Vann from State Correctional Institution (SCI)-Greensburg, and, on January 16, 2013, Vann was released from custody.

On February 12, 2014, Vann was arrested and charged with, *inter alia*, violating Section 13(a)(30) of The Controlled Substance, Drug, Device, and Cosmetic Act (Drug Act), 35 P.S. § 780-113(a)(30).[3]  The same day, the Board issued a Warrant to Commit and Detain Vann.   The charges, however, were subsequently withdrawn, and, on April 29, 2014, Vann's parole was continued.

On February 2, 2015, the Pottstown Borough Police Department arrested Vann.  He was charged, *inter alia*, with possession with intent to deliver in violation of Section 13(a)(30) of the Drug Act under Montgomery County Court of Common Pleas (common pleas) docket number CP-46-CR-0002363-2015 (Montgomery County Case No. 2363-2015).  Vann was detained in the Montgomery County

decision mailed July 19, 2017, is identical or nearly identical to that contained in the decision mailed July 20, 2017, the Board has not objected to the appeal, the period for appealing has expired, and the interests of judicial economy would be promoted by considering the Board's decisions together, we exercise our discretion to consider the Board's decisions together.  *K.H. v. J.R.*, 826 A.2d 863, 870 (Pa. 2003); *Van Duser v. Unemployment Comp. Bd. of Review*, 642 A.2d 544, 548 n.5 (Pa. Cmwlth. 1994).

[3] Act of April 14, 1972, P.L. 233, *as amended*.

Prison. On that same date, the Board issued a Warrant to Commit and Detain. (C.R at 63.) Common pleas set bail at $25,000, which Vann was unable to post. On March 25, 2015, common pleas modified bail to $100.

On March 28, 2015, the Board provided Vann a Notice of Charges and Hearing, charging him with violating condition number one of his parole – leaving the district without the permission of parole supervision staff. Vann waived his right to counsel, and a violation hearing was held. On April 22, 2015, the Board recommitted Vann as a TPV to serve six months of backtime for violating condition number one of his parole. (Board Decision, mailed May 1, 2015, C.R. at 105.)

On October 2, 2015, Vann posted bail in Montgomery County Case No. 2363-2015. However, Vann remained detained on the Board's Warrant until October 6, 2015, the expiration date of Vann's original maximum sentence, when he was released from confinement.[4] (Vann's Br. at 9; Board's Br. at 4.) On October 28, 2015, the Board declared Vann delinquent for control purposes.

On April 20, 2016, Vann pleaded guilty in Montgomery County Case No. 2363-2015 to possession with intent to deliver, in violation of Section 13(a)(30) of the Drug Act, and obstructing administration of law or other governmental function, in violation of Section 5101 of the Crimes Code, 18 Pa. C.S. § 5101. (Criminal Docket, C.R. at 83; Sentencing Order, C.R. at 126.) On that same date, common pleas sentenced Vann to a term of imprisonment of 3 to 23 months in the Montgomery County Correctional Facility (County Sentence), and credited him with 3 months, from February 2, 2015, to May 2, 2015, for time served. (Sentencing Order, C.R. at 127.)

---

[4] Vann then "reported to his probation officer from the street." (Vann's Br. at 9.)

On May 6, 2016, the Board provided Vann a Notice of Charges and Hearing to revoke his parole based on his new criminal convictions. On May 18, 2016, a hearing was held during which Vann was represented by counsel. During the hearing, common pleas' April 20, 2016 sentencing order was admitted into evidence, and Vann acknowledged his convictions.

On July 15, 2016, (mailed on July 29, 2016) the Board recommitted Vann as a CPV for 12 months, when available, pending parole or completion of his County Sentence.[5] (Board Decision, July 29, 2016, C.R. at 142.) The Board directed that the 12 months of recommitment time imposed on Vann as a CPV run concurrent to his 6 months of recommitment time as a TPV. As a result of Vann's recommitment, his maximum sentence date was changed from October 6, 2015, to February 15, 2019. (Order to Recommit, C.R. at 145.) In the Board's Order to Recommit, the Board explained its determination of Vann's new maximum sentence release date for his original sentence as follows. Vann was paroled on his original sentence on January 16, 2013. His original sentence maximum date was October 6, 2015, or a difference of 993 days. The Board provided Vann with four days of credit, for the time between October 2, 2015, and October 6, 2015, when Vann was held solely on the Board's Warrant. The Board also provided Vann with 77 days of credit for the time between February 12, 2014, and April 30, 2014, when Vann was confined on the charges that were ultimately withdrawn. Subtracting 81 days of credit from the 993 days Vann owed, left him with 912 days owed on his original sentence. (*Id.*) The Board used August 17, 2016, the date the Board claimed Vann was paroled from his County Sentence, as the custody for return date. Adding 912 days to August 17,

---

[5] The Board's decision mistakenly refers to Vann's "Philadelphia County Sentence." (C.R. at 142.)

2016, results in Vann's original maximum sentence date being February 15, 2019. (*Id.*)

Vann filed an Administrative Remedies Form, challenging the Board's refusal to credit him against his original sentence with time accrued from April 23, 2016, until August 17, 2016. Vann argued that he was paroled from his County Sentence on April 23, 2016, pointing to an order dated September 7, 2016, in which common pleas stated that it had "resolved" Vann's motions to correct the April 20, 2016 sentencing order and for parole by common pleas' "order dated August 17, 2016, which amended [Vann's] sentencing order to reflect an effective parole date of April 22, 2016."[6] (Common Pleas' Order, Sept. 7, 2016, C.R. at 160.) Vann argued that the Board also erred in denying him credit for time spent at liberty on parole between January 17, 2013, and February 1, 2015.

In a determination mailed on July 20, 2017, the Board explained that Vann was incarcerated and serving the County Sentence from April 20, 2016, to August 17, 2016, and, thus, he was not entitled to credit for that time period. (Board Decision, mailed July 20, 2017, C.R. at 162.) The Board noted that Vann was not entitled to any credit on his original sentence prior to August 17, 2016,[7] because retroactive parole is not applicable to a CPV. (*Id.* (citing *Bailey v. Pa. Bd. of Prob. and Parole*, 591 A.2d 778 (Pa. Cmwlth. 1991)).) Nor was Vann entitled to credit for time spent at liberty on parole. The Board acknowledged that it had not provided a reason for denying Vann credit for time spent at liberty on parole. The Board issued a separate decision stating that such a credit was denied in the Board's discretion because of Vann's "prior history of supervision failures," as well as "unresolved drug and alcohol issues." (Board Decision, mailed July 19, 2017, C.R.

---

[6] Common pleas' August 17, 2016 order is not contained within the record.
[7] The Board mistakenly referenced August 17, 2017.

5

at 163.)  Therefore, the Board affirmed its determination that Vann's maximum sentence date is February 15, 2019.

## II.  Discussion

### A.  Retroactive Parole[8]

On appeal,[9] Vann argues that he was entitled to a credit against his original sentence for time served between April 20, 2016, and August 17, 2016.[10]  Vann notes that by the time he was sentenced to the County Sentence on April 20, 2016, he had served eight months in pretrial detention, from February 2, 2015, until he posted bail on October 2, 2015, which is more than the minimum of three months' incarceration that was imposed at the time of sentencing, making him eligible to be paroled as of April 20, 2016.  The only interpretation of common pleas' April 20, 2016 sentencing order, Vann argues, is that he was to be paroled on that date.  The August 17, 2016 order common pleas subsequently issued merely clarified that this was common pleas' intent.  Common pleas was not attempting to change its sentencing order, as was the case in *Bailey*.  Vann further notes that on April 28, 2016, his parole agent returned him to state custody at SCI-Graterford, which is where Vann has remained. (Vann's Br. at 16 (citing C.R. at 147, Pa. Department of Corrections (DOC) Moves Report).)

---

[8] Although Vann has presented his arguments into two point headings, we have split them into three headings for clarity.

[9] On appeal from a recommitment order of the Board, our standard of review is limited to determining whether the Board's adjudication is supported by substantial evidence, whether the Board committed an error of law, or whether the Board violated the parolee's constitutional rights. *Palmer v. Pa. Bd. of Prob. and Parole*, 134 A.3d 160, 164 n.2 (Pa. Cmwlth. 2016).

[10] Vann inconsistently argues as to whether the credit he claims he is owed should begin on April 20, or April 22, 2016.

The Board responds that, in effect, Vann is seeking a credit based on a grant of retroactive parole. The Board asserts that common pleas' April 20, 2016 sentencing order was silent as to when Vann was to be paroled from his County Sentence. On August 17, 2016, common pleas issued an order granting Vann parole from his County Sentence and, as a result, the Board deemed Vann eligible to begin serving the backtime on his original sentence as of that date. (Board's Br. at 14 (citing Criminal Docket, C.R. at 90).) On September 7, 2016, common pleas attempted to amend its August 17, 2016 order granting Vann parole with an effective date of April 22, 2016. Common pleas, the Board argues, was clearly attempting to parole Vann from his County Sentence retroactively. The Board, as this Court held in *Bailey*, is not required to recognize retroactive parole dates.

We note that since Vann was on parole from a state sentence at the time common pleas imposed the County Sentence, Section 6138(a)(5) of the Prisons and Parole Code, 61 Pa. C.S. § 6138(a)(5),[11] required that his County Sentence be served first. Consequently, Vann could not commence service of his backtime on his original sentence until he completed his County Sentence or was paroled therefrom.

---

[11] Section 6138(a)(5) provides as follows:

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
    (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
    (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
    (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. § 6138(a)(5).

Vann argues that he was paroled on April 22, 2016, while the Board maintains Vann was paroled on August 17, 2016. We conclude that the April 20, 2016 sentencing order is silent as to when Vann paroled and, therefore, the Board correctly concluded that Vann was paroled as of August 17, 2016.

The Sentencing Code contemplates that an inmate seeking parole from a county sentence follow certain procedures. Section 9776(b) of the Sentencing Code, 42 Pa. C.S. § 9776(b), requires an inmate seeking parole from a county sentence to file a "petition verified by the oath of the inmate or by the inmate's representative and presented and filed in the court in which the inmate was convicted." Once the petition is presented to the court, "the court shall fix a day for the hearing," 42 Pa. C.S. § 9776(c), although the sentencing hearing can serve as the hearing required by Section 9776(c), *Patrick v. Pennsylvania Board of Probation and Parole*, 532 A.2d 487, 490 n.5 (Pa. Cmwlth. 1987).[12] Thereafter, "the court shall make such order as it may deem just and proper." 42 Pa. C.S. § 9776(d).

In *Presley v. Pennsylvania Board of Probation and Parole*, 748 A.2d 791 (Pa. Cmwlth. 2000), the petitioner was on reparole when he was arrested on new criminal charges. *Id.* at 792. Petitioner was convicted of the new charges and, on January 15, 1997, was sentenced to serve a term of imprisonment of 9 to 18 months. *Id.* Subsequently, petitioner's parole was revoked, and he was recommitted as a TPV and CPV to serve 30 months of backtime on his original sentence. *Id.* On November 25, 1997, the sentencing judge revised her January 15, 1997 sentencing order to indicate that it was "in error" and should have read "[t]ime in (9/6/95-2/21/96) to

---

[12] *Patrick* involved the application of Section 14 of what was commonly known as the Parole Act, Act of June 19, 1911, P.L. 1059, *as amended*, *formerly* 61 P.S. § 314, repealed by the Act of August 11, 2009, P.L. 147. Section 9776 similarly tracks the language of Section 14.

8

eighteen (18) months," meaning, according to a letter the sentencing judge wrote nearly a year later to petitioner's parole agent, that petitioner was paroled as of January 15, 1997. *Id.* at 792-93. The sentencing judge explained that the phrase "time served . . . literally has the effect of an immediate parole," and that the sentence was crafted so that the petitioner might begin to serve his state sentence immediately. *Id.* at 793. Based on the foregoing, petitioner claimed that he was paroled as of January 15, 1997, and he should be given a credit on his original sentence for the time he spent incarcerated from that date until the date his new sentence expired. This Court disagreed. We noted that in the record there was no verified petition for parole filed on the petitioner's behalf, nor was there a specific order disposing of a request for parole. *Id.* at 793-94. The January 15, 1997 sentencing order, we highlighted, did not state that petitioner "was paroled upon completion of the minimum term of time served." *Id.* at 794. Since there was no "specific language granting a parole, the court's sentencing order [could not] be construed as an order granting parole." *Id.*[13]

---

[13] We reached the same conclusion in *Price v. Department of Corrections* (Pa. Cmwlth., No. 3 M.D. 2008, filed July 9, 2008), which is cited for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a). In *Price*, the petitioner was on parole from a state sentence when he was arrested. He posted bail and was transferred to a state facility where he was held on a state parole detainer warrant. On October 31, 1991, common pleas sentenced petitioner to 10½ to 23 months in county prison with credit for time served. The following day, November 1, 1991, he was returned to the same state facility where he remained until May 22, 1992, when he was transferred to a county prison to serve his county sentence. On June 1, 1992, common pleas issued an order paroling petitioner from the county sentence, and petitioner was returned to the state facility on June 3, 1992. On June 23, 1992, common pleas issued an order stating that petitioner was paroled as of October 31, 1991. Thus, petitioner claimed that from November 1, 1991, to June 1, 1992, he was in state custody serving backtime on his original state sentence. We disagreed. We noted that common pleas' sentencing order did not order immediate parole, and that "[a]n order sentencing a defendant to a minimum term with credit for time served cannot have the effect of immediate parole unless a specific order granting parole has been entered." *Price*, slip op. at 6. Therefore,

9

Here, as in *Presley*, the April 20, 2016 sentencing order is "silent" as to when Vann would be paroled from his County Sentence. (Board's Br. at 13.) The fact that Vann had served more than the minimum of his sentence of 3 to 23 months at the time he was sentenced does not alter our analysis. Eligibility for parole does not equate with actually being paroled. *See Presley*, 748 A.2d at 794 (noting that prisoners "have no absolute right to be paroled upon the expiration of [their] minimum term of the sentence[,]" as "[t]he minimum sentence only establishes an eligibility date for a parole.") There is also no indication in the record that Vann petitioned for parole prior to being sentenced on April 20, 2016.[14] Therefore, we must conclude that Vann was not paroled as of April 22, 2016, but on August 17, 2016. Common pleas' September 7, 2016 order indicating that, by its August 17, 2016 order, it had "amended [Vann's] sentencing order to reflect an effective parole date of April 22, 2016" was an impermissible attempt to grant retroactive parole, contrary to our holding in *Bailey*. (Common Pleas' Order, Sept. 7, 2016, C.R. at 160.)

In *Bailey*, this Court held that the courts of common pleas have no authority to grant parole retroactively. There, the petitioner, while on parole from a state sentence of 1½ to 7 years of imprisonment, was arrested and charged with new criminal charges. *Bailey*, 591 A.2d at 779-80. Petitioner was unable to make bail and, thus, following his arrest, remained jailed on the new charges. *Id.* at 780. On

_____

since "[a] sentencing judge may not enter an order modifying an earlier grant of county parole to make parole retroactive to the date of sentencing," we concluded that petitioner failed to state a claim entitling him to credit against his state sentence. *Id.*, slip op. at 7 (citing *Bailey*, 591 A.2d at 778).

[14] The record does, however, indicate that Vann moved, pro se, to modify/correct the sentencing order on August 11, 2016, while his attorney moved for parole on August 22, 2016. (Criminal Docket, C.R. at 89-90.)

10

December 13, 1988, petitioner pled guilty and was sentenced to 11½ to 23 months of incarceration. *Id.* While the charges were pending, the Board ordered petitioner recommitted as a TPV to serve 6 months of backtime and, then, upon his conviction, ordered him recommitted to serve an additional 18 months of backtime as a CPV, for a total of 24 months. *Id.* On July 18, 1989, the sentencing judge paroled petitioner from his county sentence, after having served 13 months of imprisonment. The Board determined petitioner became available to start serving backtime as of that date, making his reparole date from his state sentence July 18, 1991, that is, 24 months from July 18, 1989. *Id.* Petitioner, however, claimed that his parole from his county sentence occurred on January 18, 1989, based on a June or July 1990 order the sentencing judge issued retroactively granting parole as of January 18, 1989. *Id.* at 780. The Board refused to change petitioner's reparole date of July 18, 1991, concluding that the sentencing judge had no authority to grant retroactive parole. *Id.* This Court agreed, concluding that common pleas "through the use of retroactive parole, may not do indirectly what it is powerless to do directly; namely, make a portion of Petitioner's Board imposed backtime run concurrently with a newly imposed county sentence." *Id.* at 781.

Contrary to Vann's contentions, *Bailey* controls here. In effect, common pleas granted Vann retroactive parole but, as *Bailey* teaches, common pleas lacked the authority to do so. Accordingly, the Board properly denied Vann a credit on his original sentence from the time the County Sentence was imposed, on April 20, 2016, until the date common pleas paroled Vann from his County Sentence, on August 17, 2016.[15]

---

[15] Attached to Vann's Petition for Review is his Motion to Modify/Correct Sentencing Order. In that motion, Vann, acting pro se, states that common pleas decided at the sentencing

11

## B.     Recalculation of Vann's Maximum Sentence Date

Vann argues that he is entitled to a credit against his CPV recommitment from October 2, 2015, the date he posted bail in Montgomery County Case No. 2363-2015. Vann notes that on April 22, 2015, the Board recommitted him as a TPV to serve 6 months of backtime. Thus, as of October 2, 2015, he was available to begin serving his TPV backtime, the service of which he could have received a credit against his CPV recommitment time. (Vann's Br. at 26 (citing *Rivenbark v. Pa. Bd. of Prob. and Parole*, 501 A.2d 1110 (Pa. 1985).)

The Board counters that it correctly recalculated Vann's maximum sentence date. After Vann posted bail on October 2, 2015, he was being detained on the Board's Warrant until October 6, 2015, when the maximum release date on his original sentence expired. As a result, the Board continues, its detainer was lifted, and Vann became delinquent for control purposes. Accordingly, Vann was entitled to only four days of credit between October 2, 2015, and October 6, 2015. Vann did not become available to serve his original sentence until after he was paroled from his County Sentence on August 17, 2016.

Here, Vann has failed to show that the Board erred in its calculation of his maximum sentence date. Vann was given four days of credit for the time he spent incarcerated solely on the Board's detainer, that is, from October 2, 2015, when Vann posted bail in Montgomery County Case No. 2363-2015, to October 6, 2015, the maximum release date under Vann's original sentence. Thereafter, as Vann concedes, (Vann's Br. at 9), he was at liberty until April 20, 2016, when common

---

hearing that the minimum sentence had been served and ordered immediate parole. For support, Vann cited in his Motion to Modify the notes of testimony from the sentencing hearing. The notes of testimony, however, are not contained in this record.

pleas imposed the County Sentence. Since Vann was not incarcerated at all between October 7, 2015, and April 19, 2016, he was not entitled to any credit. *See Soto v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No. 1074 C.D. 2014, filed June 9, 2015), slip op. at 7[16] (where, on November 1, 2012, petitioner posted bail on new charges and the Board lifted its detainer due to the expiration of petitioner's maximum parole expiration date, and petitioner was not incarcerated again until December 9, 2013, when Board lodged its detainer, petitioner was not entitled to any credit for time between November 1, 2012, and December 9, 2013, because he was not confined during that time); *cf. Gaito v. Pa. Bd. of Prob. and Parole*, 412 A.2d 568, 571 (Pa. 1980) (holding that if a parolee "is being held in custody solely because of a detainer lodged by the Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." However, if the parolee "remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence.").[17] Accordingly, the Board correctly calculated Vann's maximum sentence date.

## C. Credit for Time Spent at Liberty on Parole

Vann contends that the Board erroneously denied him credit for time spent in good standing while at liberty on parole by taking away his accrued street time from

---

[16] *Soto* is cited for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

[17] Vann's reliance on *Rivenbark* is misplaced. In *Rivenbark*, our Supreme Court held that "a parolee may not be recommitted as a technical violator based upon an act constituting a new crime of which he is convicted." *Rivenbark*, 501 A.2d at 1114. Here, however, the basis for Vann's recommittal as a TPV was for leaving the district without the permission of parole supervision staff, while his recommittal as a CPV was for his conviction, *inter alia*, for possession with intent to deliver.

13

January 17, 2013, through February 1, 2015. Vann argues that the limitations on a parolee's freedom are similar to those of an inmate. Therefore, it is only when an inmate is a fugitive or a parolee has absconded that he should be considered not serving his judicially imposed sentence so as to justify an extension of his sentence. Vann asserts, however, that he was always under the supervision of the Board and he never absconded. Thus, he was always serving his judicially imposed sentence, and the Board had no legal basis for extending that sentence. Vann argues that while Section 6138(a)(2) of the Prisons and Parole Code prohibits a recommitted parolee from receiving "credit for the time at liberty on parole," 61 Pa. C.S. § 6138(a)(2), the term credit should not be interpreted to mean the same as permitting the Board to extend a parolee's maximum sentence date. Vann suggests that this Court should adopt the following new rule:

> [A]s long as a parolee has more time left on his sentence than the maximum the appropriate presumptive recommitment range would fall into, and, the new crime which forms the basis of the violation does not fall into any of the excluded categories under [Section] 6138 [of the Prisons and Parole Code], and/or he has not absconded and been declared delinquent, his maximum date should not be extended.

(Vann's Br. at 33.)

Vann also argues that the Board did not sufficiently articulate its rationale for denying him credit for time spent at liberty on parole, contrary to our Supreme Court's holding in *Pittman v. Pennsylvania Board of Probation and Parole*, 159 A.3d 466 (Pa. 2017). The Board's references to a prior history of supervision failures and unresolved drug and alcohol issues do not fit within one of the categories that automatically disqualifies a parolee from receiving a credit for time spent at liberty; thus, the Board had to provide some rationalization for the exercise of its discretion denying a credit, which it did not do with any specificity. Vann maintains

14

that the Board merely invoked "vague unspecific buzz words" that left him and his attorney with "no idea what specific acts [were] being alluded to by the Board." (Vann's Br. at 40.) Therefore, Vann argues, this matter should be remanded to the Board for it to consider whether he should be given credit for time spent at liberty on parole.

The Board responds that under Section 6138(a)(2.1) of the Prisons and Parole Code it was within its discretion to deny credit to Vann for time at liberty on parole. The only way for the Board to deny Vann credit was to change his maximum sentence date, which Section 6138(a)(2.1) and Commonwealth case law authorize the Board to do.

Further, the Board argues, it sufficiently articulated its rationale for denying Vann credit for time at liberty on parole, noting his prior history of supervision failures and unresolved drug and alcohol issues, both of which reasons have record support. The Board asserts that this Court has already held in two unreported opinions that reasons, such as the ones provided to Vann, are sufficient. (Board's Br. at 18-19 (citing *Seward v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No. 199 C.D. 2016, filed Mar. 17, 2017); *Cooper v. Pa. Bd. of Prob. and Parole* (Pa. Cmwlth., No. 778 C.D. 2015, filed Aug. 16, 2016)).)

Section 6138(a)(2) of the Prisons and Parole Code provides that if the Board orders a CPV recommitted, "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." 61 Pa. C.S. § 6138(a)(2).

The plain language of Section 6138(a)(2) gives the Board "the power to recommit a [CPV] to serve the balance of the court-imposed maximum sentence if

the new crime was committed by the parolee before the expiration of the maximum sentence originally imposed." *Knisley v. Pa. Bd. of Prob. and Parole*, 362 A.2d 1146, 1148 (Pa. Cmwlth. 1976.)[18]  Thus, "when a parolee is recommitted due to criminal conviction, his maximum sentence date may be **extended** to account for all street-time, regardless of good or delinquent standing." *Richards v. Pa. Bd. of Prob. and Parole*, 20 A.3d 596, 599 (Pa. Cmwlth. 2011) (en banc) (emphasis added). Consequently, contrary to Vann's contention, the Board did not extend his judicially imposed sentence.  Rather, the Board merely determined, consistent with Section 6138(a)(2), that Vann forfeited the time he spent at liberty on parole as a result of his new criminal convictions, recalculated a new maximum date for the judicially imposed sentence based on his not serving that sentence during the forfeited time period, and determined how much of that original sentence Vann had to serve before being eligible for reparole, *i.e*., backtime.  *See Martin v. Pa. Bd. of Prob. and Parole*, 840 A.2d 299, 303 (Pa. 2003) (explaining the difference between a judicially imposed sentence and backtime).

As for whether the Board sufficiently articulated its rationale for refusing, in the exercise of its discretion, to award Vann credit for time at liberty on parole, Section 6138(a)(2.1) of the Prisons and Parole Code provides the Board with discretion to award a credit towards a CPV's maximum term expiration date for time spent at liberty on parole, except where the parolee falls within one of three disqualifying categories of CPVs, none of which apply here.[19]  In *Pittman*, the Board

---

[18] *Knisley* involved the application of Section 21.1a of what was commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, *formerly* 61 P.S. § 331.21a(a), repealed by the Act of August 11, 2009, P.L. 147.  Section 6138(a)(2) similarly tracks the language of Section 21.1a.

[19] Specifically, Section 6138(a)(2.1) provides as follows:

refused to award a CPV credit for time spent at liberty on parole, with the Board simply checking a "No" box on the CPV's report form. 159 A.3d at 468. Thus, there was no explanation from the Board for its decision not to award the CPV credit. Our Supreme Court held that it was not enough for the Board simply to check a box, rather, "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.* at 474. The Supreme Court reasoned that an explanation is required in order to facilitate appellate review, consistent with the right of all persons under the Pennsylvania Constitution to a right of appeal from a court of record, and with basic notions of due process. *Id.*

Applying *Pittman* here, the Board sufficiently articulated its rationale for refusing to award Vann credit for time at liberty on parole. The Board cited Vann's "prior history of supervision failures," as well as "unresolved drug and alcohol issues." (Board Decision, July 19, 2017, C.R. at 163.) The Board's rationale does not, as Vann contends, leave him and counsel with "no idea what specific acts are being alluded to by the Board." (Vann's Br. at 40.) In fact, Vann's difficulty in complying with supervision and remaining drug and alcohol free are documented in the record. (Supervision History, C.R. at 110-11.); *See Seward*, slip op. at 8 (in

---

The board may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:

(i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders). (ii) The parolee was recommitted under section 6143 (relating to early parole of inmates subject to Federal removal order).

61 Pa. C.S. § 6138(a)(2.1).

granting counsel *Anders*[20] relief and rejecting petitioner's claim that the Board abused its discretion in denying him credit for time spent at liberty on parole, this Court noted that the Board went beyond just checking a "No" box, but articulated that petitioner, *inter alia*, was not amenable to parole supervision); *Cooper*, slip op. at 7 (holding that the Board sufficiently stated its reasons for not granting petitioner credit for time at liberty on parole because, in addition to checking the "No" box, the Board "explained that Petitioner had an extensive history of Retail Theft and continue[d] to have drug and alcohol issues while on parole, despite efforts and progressive sanctions").[21]

Accordingly, the Board properly extended Vann's maximum sentence date and sufficiently articulated its rationale for denying him credit for the time he spent at liberty on parole.

### III.  Conclusion

For the foregoing reasons, we conclude that the Board properly calculated Vann's new maximum sentence release date for his original sentence.  Therefore, we affirm the Board's decisions.

_____
**RENÉE COHN JUBELIRER,** Judge

---

[20] *Anders v. California*, 386 U.S. 738 (1967).

[21] Both *Seward* and *Cooper* were decided in between this Court's decision in *Pittman* and the Supreme Court's reversal of our decision.  *Seward* and *Cooper* are both cited for their persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures.  210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Vann, :
Petitioner :
:
v. : No. 1067 C.D. 2017
:
Pennsylvania Board of Probation :
and Parole, :
Respondent :

# **O R D E R**

**NOW**, April 10, 2018, the Decisions of the Pennsylvania Board of Probation and Parole, mailed July 19, 2017, and July 20, 2017, at Parole No. 543GF, are hereby **AFFIRMED**.

_____
**RENÉE COHN JUBELIRER,** Judge