Leroy Antonio Wilson,  :
            Petitioner  :
              :
         v.  :
              :
Pennsylvania Board of  :
Probation and Parole,[1]  :  No. 63 C.D. 2020
            Respondent  :  Submitted: June 19, 2020

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: July 29, 2020

Leroy Antonio Wilson (Wilson) petitions this Court for review of the Pennsylvania Parole Board's (Board) January 8, 2020 order denying his request for administrative relief. Wilson presents two issues for this Court's review: (1) whether the Board erred by failing to credit him for the time he served exclusively under the Board's warrant and by using an incorrect return date in calculating his sentence; and (2) whether the Board abused its discretion by failing to credit Wilson for all of the time he spent on parole in good standing. After review, we affirm.

Wilson is currently an inmate at the State Correctional Institution (SCI)-Mahanoy. *See Inmate Locator*, PA. DEP'T OF CORR., http://inmatelocator.cor.pa.gov

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

(last visited July 15, 2020). He has a long incarceration and parole/reparole history. *See* Certified Record (C.R.) 94-96. Relevant to this appeal, on March 21, 2012, the Montgomery County Common Pleas Court sentenced Wilson (Inmate #KL6650) to 2 to 6 years in an SCI for drug violations and robbery (Original Sentence). *See* C.R. at 3. On October 5, 2016, the Berks County Common Pleas Court sentenced Wilson to 1 to 2 years in prison for theft of movable property (Berks County Sentence).

On June 2, 2017, the Board paroled Wilson from his Original Sentence to a state detainer (i.e., the Berks County Sentence). *See* C.R. at 3. At that time, his maximum Original Sentence date was October 22, 2018. *See* C.R. at 3. Accordingly, when he began serving his Berks County Sentence, Wilson had 507 days remaining on his Original Sentence. *See* C.R. at 153.

On December 7, 2017, the Board issued an order paroling Wilson from his Berks County Sentence subject to detainers and parole conditions. *See* C.R. at 10-13, 15-22. He was released on parole on January 23, 2018. *See* C.R. at 14. At that time, his maximum Berks County Sentence date was January 23, 2019, so he had 365 days remaining on his Berks County Sentence. *See* C.R. at 14.

On September 22, 2018, a criminal complaint was filed against Wilson in the Montgomery County Common Pleas Court (Montgomery County trial court), charging him with theft from a vehicle, receiving stolen property, driving under the influence of alcohol (DUI), DUI with a suspended license, and other moving violations committed on September 21, 2018 (New Charges). *See* C.R. at 23-29. On that same day, the Board issued a warrant to commit and detain Wilson. *See* C.R. at 30. Wilson was unable to post the $10,000.00 monetary bail, and he was incarcerated at the Montgomery County Correctional Facility. *See* C.R. at 31, 38.

On September 28, 2018, the Board issued a Notice of Charges scheduling a detention hearing on the New Charges for October 15, 2018. *See* C.R. at 33. On October 9, 2018, the Montgomery County trial court changed Wilson's bail

to $10,000.00 unsecured bail, and Wilson posted a bond that day. *See* C.R. at 39. On October 15, 2018, Wilson was transferred from the Montgomery County Correctional Facility to SCI-Phoenix. *See* C.R. at 42.

On December 6, 2018, the Board voted to continue detaining Wilson pending disposition of his New Charges. *See* C.R. at 48. The Board issued a notice of decision to that effect on December 12, 2018. *See* C.R. at 49.

On January 17, 2019, Wilson's parole supervisors executed a Criminal Arrest and Disposition Report for the Board to declare Wilson delinquent for control purposes because his Berks County Sentence was to end on January 23, 2019. *See* C.R. at 51-52. The Board cancelled its September 22, 2018 detainer warrant on January 17, 2019. *See* C.R. at 50. On January 24, 2019, the Board issued a notice of decision referring to its December 12, 2018 action and declaring Wilson delinquent for control purposes effective September 21, 2018, when he was arrested on the New Charges. *See* C.R. at 53.

On February 28, 2019, Wilson pled guilty to DUI, DUI with a suspended license and theft. *See* C.R. at 54-55. He was sentenced to time served (from September 22 to October 14, 2018 and from January 24 to February 28, 2019) to 24 months in the Montgomery County Correctional Facility for the theft charge, to run concurrently with his previously imposed sentences (i.e., Original Sentence), plus 6 months of probation for the DUI charge, and 60 days at a community corrections facility for the DUI with a suspended license charge with credit for time served (from September 22 to October 14, 2018 and from January 24 to February 28, 2019), which were to run concurrently with the theft sentence (New Sentence). *See* C.R. at 55.

On March 14, 2019, the Board received verification of Wilson's New Sentence, issued a Notice of Charges and Hearing to revoke his parole based on the New Charges and, at Wilson's request, scheduled a revocation hearing before a panel. *See* C.R. at 56-67. After being continued, the revocation hearing was conducted on

3

May 30, 2019, during which Wilson was represented by counsel and acknowledged the New Charges. *See* C.R. at 75-76. During the hearing, Wilson admitted that he had difficulty adjusting while on parole. *See* C.R. at 75, 78-81.

On June 13, 2019, the second panel member voted to recommit Wilson as a convicted parole violator (CPV).[2] *See* C.R. at 85-92. According to the Revocation Hearing Report, the Board denied Wilson credit for time spent at liberty on parole. *See* C.R. at 88. Specifically, the Hearing Examiner Andrew Bevec (Bevec) denied Wilson street time credit "due to [his] poor supervision history, including multiple returns as a [technical parole violator] and CPV over the course of 4 [Department of Corrections] #'s." C.R. at 88. Board member Leo Dunn (Dunn) denied Wilson street time credit due to Wilson's "[u]nresolved drug and alcohol issues[,]" and "[p]rior history of supervision failures[.]" C.R. at 88.

By decision recorded June 21, 2019, the Board formally recommitted Wilson to an SCI as a CPV "to serve 6 months of backtime, when available, pending parole from or completion of [his] [New Sentence]." C.R. at 118.

On July 24, 2019, the Montgomery County trial court issued an order stating that the effective date of Wilson's New Sentence was "January 24, 2019[,] with a minimum release date . . . of February 28, 2019[,]" and declaring that Wilson "shall be paroled [from the New Sentence] effective February 28, 2019." C.R. at 120.

By decision recorded July 25, 2019 (delivered July 31, 2019), the Board modified its June 21, 2019 action to correct a "technician error," therein changing

---

[2] Section 6113(b) of the Parole Code states, in relevant part: "The [B]oard may make decisions on . . . revocation in panels of two persons. A panel shall consist of one board member and one hearing examiner or of two board members." 61 Pa.C.S. § 6113(b). "[T]he date that the revocation and recommitment Hearing Report was signed by the second panel member thereby effectively revok[ed] [Wilson's] parole . . . ." *Antwaun Raymoan Wilson v. Pa. Bd. of Prob. & Parole*, 124 A.3d 767, 769 n.3 (Pa. Cmwlth. 2015).

Wilson's inmate number, recalculating Wilson's Original Sentence maximum release date to May 28, 2020, and declaring that the May 28, 2020 date was subject to change. *See* C.R. at 121-122.

By decision recorded August 1, 2019 (delivered August 6, 2019), the Board referred to its June 21 and July 25, 2019 actions to recommit Wilson as a CPV to serve 6 months of backtime, and added that "[t]he Board in its discretion does not award credit to [Wilson] for the time spent at liberty on parole for the following reasons: -- Unresolved drug and alcohol issues[, and] [p]rior history of supervision failures." C.R. at 125. The Board recalculated Wilson's Original Sentence maximum release date to August 28, 2020. *See* C.R. at 123-124, 126.

On July 18, 2019, Wilson submitted an Administrative Remedies Form challenging the Board's June 21, 2019 decision, arguing that his Original Sentence maximum release date should be May 28, 2020. *See* C.R. at 127-130. Wilson also submitted a letter (dated August 3, 2019) to the Board and additional Administrative Remedies forms (which the Board received on August 19 and 26, 2019), making the same claims. *See* C.R. at 131-145. By September 23, 2019 letter, Wilson followed up with the Board regarding the status of his appeal. *See* C.R. at 146-152. By January 8, 2020 order, the Board denied Wilson's request for administrative relief and affirmed its August 1, 2019 decision (delivered August 6, 2019). Wilson appealed to this Court.[3]

Preliminarily, Section 6138(a) of the Prisons and Parole Code (Parole Code) specifies, in relevant part:

---

[3] "'Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated.'" *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 115 n.9 (Pa. Cmwlth. 2020) (quoting *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013)).

5

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

. . . .

(2) If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

(2.1) The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole, unless any of the following apply:[4]

  (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [Section 9714(g) of the Sentencing Code,] 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

  (ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code, 61 Pa.C.S. § 6143] (relating to early parole of inmates subject to [f]ederal removal order).

. . . .

(4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.

---

[4] Because Wilson was not recommitted for reasons enumerated in Section 6138(a)(2.1)(i) and (ii) of the Parole Code, the Board had the discretion to award Wilson street time credit if it so desired.

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

> (i) If a person is paroled from a [s]tate correctional institution and the new sentence imposed on the person is to be served in the [s]tate correctional institution.

> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(a).

Wilson argues that the Board erred by failing to credit him for the time he served exclusively under the Board's warrant and by using an incorrect return date in calculating his sentence. Wilson specifically avers:

> The [Board] failed to give [Wilson] credit for the date of his parole pursuant to the time served sentencing order on February 28, 2019 to the date [it] listed as the custody for return of July 24, 2019; a period of 146 days. Subtracting the 148 [sic] days from the August 28, 2020 maximum sentence date calculated by the [Board] results in a maximum sentence date of April 2, 2020.[5] This date does not consider backtime credit for service in good standing on parole.

> . . . .

> The day [Wilson] pled guilty and received a time served sentence [(i.e., February 28, 2019)] he was available to be turned over to the warrant of the [Board].

Wilson Br. at 11-12.

---

[5] Subtracting 146 days from the August 28, 2020 would be April 4, 2020.

7

However, notwithstanding that the Montgomery County trial court's July 24, 2019 order declared that Wilson "shall be paroled [from the New Sentence] effective February 28, 2019[,]" C.R. at 120, he was not entitled to credit toward his Original Sentence prior to July 24, 2019. This Court has ruled that the Board need not "recomput[e] [a parolee's] backtime based on the orders of the sentencing court setting retroactive parole dates . . . [,]" because "a common pleas court, through the use of retroactive parole, may not do indirectly what it is powerless to do directly; namely, make a portion of [a parolee's] Board[-]imposed backtime run concurrently with a newly imposed county sentence." *Bailey v. Pa. Bd. of Prob. & Parole*, 591 A.2d 778, 781 (Pa. Cmwlth. 1991); *see also Vann v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 1067 C.D. 2017, filed April 10, 2018).[6] Because the Montgomery County trial court's February 28, 2019 parole date was a nullity, Wilson became available to serve his backtime on July 24, 2019.

The Board explained in its January 8, 2020 order:

The Board paroled Wilson from a[n] [SCI] under [Inmate #] KL6650 to a state detainer sentence on June 2, 2017 with a max date of October 22, 2018[,] leaving him with 507 days remaining on his [Original Sentence] the day he was paroled. He paroled to [his Berks County Sentence] and was subsequently paroled by the Board on January 23, 2018 with a max date of January 23, 2019, leaving 365 days remaining on that [Berks County Sentence] the day he was released. Wilson is not entitled to credit toward his [Original Sentence] from June 2, 2017 to January 23, 2019 because he is not entitled to credit for the time spent at liberty on parole from his [Original Sentence,] even if he is paroled to a detainer sentence. *Rosenberger* v. *Commonwealth of P[a.]*, 510 A.2d 866 (Pa. 1986). The Board's decision to recommit Wilson as a [CPV] authorized

---

[6] This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). Accordingly, the unreported opinions cited herein are cited for their persuasive value.

8

the recalculation of his max date to reflect that he received no credit for the time spent at liberty on parole. 61 Pa.C.S. § 6138(a)(2). The [B]oard denied Wilson credit for time spent at liberty on parole in this instance, thus, he owed 507 days as a [CPV].

The record shows that on September 22, 2018, Wilson was arrested on a [B]oard detainer and by local authorities in Montgomery County for new criminal charges. Bail was changed to unsecured on October 9, 2018 and[,] on January 23, 2019, the [B]oard detainer was lifted. On February 28, 2019, Wilson was sentenced in [the] Montgomery County Court of Common Pleas to a new term of incarceration to be served in a county prison. On April 23, 2019, a [B]oard detainer was re-lodged against Wilson to commence revocation proceedings. On July 24, 2019, the Board received an order to parole Wilson from his [New Sentence].

Based on the above facts, Wilson is entitled to 106 days of pre-sentence credit from October 9, 2018 to January 23, 2019 because he was solely incarcerated on the [B]oard detainer during that period. *Gaito v. Pa. B[d.] of Prob[.] [&] Parole*, 412 A.2d 568 (Pa. 1980). Subtracting 106 days from 507 days leaves Wilson with 401 days remaining on his [Original Sentence]. . . . Because he was sentenced to county incarceration, he [had to] complete his county sentence first before becoming available to commence service of his [Original Sentence]. 61 Pa. C.S. § 6138(a)(5). Thus, Wilson became available on July 24, 2019, the day the judge paroled him from his [New Sentence]. The earlier parole date on the court order cannot be honored because the Board cannot recognize the retroactive parole. *Patrick v. Commonwealth of P[a.]*, 532 A.2d 487 (Pa. 1987). Adding 401 days to Wilson's July 24, 2019 availability date yields a recalculated [Original Sentence] date of August 28, 2020.

C.R. at 153-154. Accordingly, the Board properly credited Wilson for the time he served exclusively under the Board's warrant and did not use an incorrect return date in calculating his sentence.

Wilson also contends that the Board abused its discretion by failing to credit him for all of the time he spent on parole in good standing. Specifically, Wilson claims that the Board's June 21, 2019 order initially revoking his parole "did not state [Wilson] would not receive credit for time served in good standing on parole[,]" Wilson Br. at 12, and that the Board failed to mention credit until it issued its August 1, 2019 order (delivered August 6, 2019). *See* Wilson Br. at 13. Wilson further asserts that the Board's explanation for refusing to grant him street time credit (i.e., "unresolved drug and alcohol issues" and "prior history of supervision failures[,]" *see* C.R. at 125) were not legitimate and were impermissibly vague. *See* Wilson Br. at 13.

> In *Pittman* [*v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466 (Pa. 2017)], our Supreme Court explained that, when the [Board] exercises its discretion under Section 6138(a)(2.1) [of the Parole Code], it 'must articulate the basis for its decision to grant or deny a [CPV] credit for time served at liberty on parole.' [*Pittman*,] 159 A.3d at 474.

*Smoak v. Talaber*, 193 A.3d 1160, 1164 (Pa. Cmwlth. 2018).

Regarding Wilson's claim that the Board erred by failing to reference the reason it denied him street time credit in its June 21, 2019 recommitment order, this Court acknowledges the *Pittman* Court specified that "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. Although, ideally, the Board should state its reason(s) for denying street time credit in its decision formally recommitting a parolee, this Court has declined to overturn a Board's recommitment decision for failing to do so. Rather, this Court has remanded such cases for the Board to articulate its reasoning after the fact. *See Smoak*, 193 A.3d at 1164 ("The [Board] must issue a contemporaneous statement of reasons as to why it denied a [CPV] credit for time spent at liberty on parole; where the Board fails to do so, this

Court will remand for the Board to set forth its reasons."); *see also McGrath v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 712 C.D. 2018, filed October 10, 2019); *Dopson v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 839 C.D. 2018, filed May 7, 2019); *Green v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 725 C.D. 2017, filed April 19, 2018); *Anderson v. Pa. Bd. of Prob. & Parole*, 171 A.3d 355 (Pa. Cmwlth. 2017).

Here, Bevec and Dunn supplied explanations in the Revocation Hearing Report contemporaneous with their determination not to credit Wilson with time he spent at liberty on parole, *see* C.R. at 88, and the Board amended its June 21, 2019 order on August 1, 2019 (delivered August 6, 2019), *see Smoak*,[7] to include those reasons. Moreover, this Court has concluded that the reasons specified in the Board's revocation hearing report are sufficient to satisfy the Board's *Pittman* mandate. *See Johnson v. Pa. Bd. of Prob. & Parole*, 206 A.3d 88 (Pa. Cmwlth. 2019). Accordingly, the Board satisfied *Pittman*.

Relative to Wilson's challenge to the sufficiency of the Board's reason for denying him credit for time spent in good standing on parole, this Court has explained:

> *Pittman* requires the Board to articulate a reason for exercising its discretion to deny credit for street time because 'an appellate court hearing the matter must have [a] method to assess the Board's exercise of discretion.' *Id*. at

---

[7] The *Smoak* Court held:

> [T]his matter does not need to be remanded to the [] Board to correct the error [of the Board's failure to record any reason for its decision to deny the parolee street time credit in the recommitment order] because the [] Board, after receiving [the parolee's] administrative appeal, corrected its omission by modifying the recommitment order to include its reason for denying [the parolee] credit for his street time.

*Id*. at 1164.

11

474.  To meet the constitutional guarantees of due process, an agency's decision must be explained 'in sufficient detail to permit meaningful appellate review.' *Fisler v. State Sys. of Higher Educ., Cal. Univ. of Pa.*, 78 A.3d 30, 41 (Pa. Cmwlth. 2013) (quoting *Peak v. Unemployment Comp. Bd. of Review*, . . . 501 A.2d 1383, 1389 ([Pa.] 1985)).  There must be safeguards to ensure against arbitrary decision-making. *Peak*.

*Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 651 (Pa. Cmwlth. 2018). However, "[t]he [Pennsylvania] Supreme Court noted [in *Pittman*] that 'the reason the Board gives does not have to be extensive and *a single sentence explanation is likely sufficient in most instances*.'  [*Pittman*, 159 A.3d] at 475 n.12."  *Smoak*, 193 A.3d at 1164 (emphasis added).

Further, in *Smoak*, this Court concluded that "unresolved drug and alcohol issues" was a sufficient explanation for the Board to deny a parolee street time credit.  *Id*. at 1165.  In *Vann*, this Court expressly ruled:

[T]he Board sufficiently articulated its rationale for refusing to award [the parolee] credit for time at liberty on parole. The Board cited [the parolee's] 'prior history of supervision failures,' as well as 'unresolved drug and alcohol issues.' The Board's rationale does not, as [the parolee] contends, leave him and counsel with 'no idea what specific acts are being alluded to by the Board.'  In fact, [the parolee's] difficulty in complying with supervision and remaining drug and alcohol free are documented in the record.

Slip op. at 18 (internal citations omitted).

Because it is evident from this Court's review of the record in the instant matter that the Board was well aware of Wilson's confinement and parole history, and Wilson acknowledged at the May 30, 2019 revocation hearing that he had difficulty on parole, the Board's explanation for refusing to grant Wilson street time credit – "unresolved drug and alcohol issues" and "prior history of supervision failures[,]" *see* C.R. at 125 – was legitimate and not impermissibly vague.

12

Accordingly, the Board did not abuse its discretion by denying Wilson credit for all of the time he spent on parole in good standing.

Based on the foregoing, the Board's order is affirmed.


_____
ANNE E. COVEY, Judge

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leroy Antonio Wilson,          :
         Petitioner         :
                        :
        v.                 :
                        :
Pennsylvania Board of        :
Probation and Parole,        :   No. 63 C.D. 2020
        Respondent    :

## O R D E R

AND NOW, this 29th day of July, 2020, the Pennsylvania Parole Board's January 8, 2020 order is affirmed.

_____
ANNE E. COVEY, Judge