**Isiah PRESLEY, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 17, 1999.

Decided March 8, 2000.

Daniel H. Glammer, Norristown, for petitioner.

Arthur R. Thomas, Harrisburg, for respondent.

Before McGINLEY, J., KELLEY, J., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Isiah Presley (Presley), an inmate at the State Correctional Institution at Graterford, Pennsylvania, appeals from an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief. We affirm.

The record certified to this Court reveals following pertinent facts. Presley was last reparoled on July 20, 1993, while serving a sentence for his 1981 conviction of a robbery charge. Subsequently on September 7, 1995, Presley was arrested on new criminal charges. The Board then lodged a detainer against Presley on February 27, 1996. Presley was subsequently convicted of simple assault and theft charges in the Court of Common Pleas of Philadelphia County and sentenced on January 15, 1997 to serve an imprisonment term of nine to eighteen months followed by two-year probation. After a revocation hearing held on March 5, 1997, the Board recommitted Presley as a technical and convicted parole violator to serve, when available, a total of thirty-month backtime on his original sentence.

Subsequently on November 25, 1997, the sentencing judge revised her January 15, 1997 sentencing order as follows:

Sentence of 1/15/97 in error. Sentence should read .'Time-in (9/6/95–2/21/96) to eighteen (18) months Phila. County Prison. Six (6) months consecutive probation.' Defendant to receive additional credit from 11/13/97–11/25/97.

Sentencing Judge's November 25, 1997 Order. The Board thereafter recalculated Presley's maximum parole expiration date on his original sentence to September 3, 2000. Presley then filed a petition for administrative relief with the Board challenging the recalculation of his maximum parole expiration date. The Board denied Presley's petition, and Presley appealed to this Court.[1]

■ Presley first contends that in recalculating his maximum parole expiration date, the Board failed to give him a proper credit toward his original sentence for the time served after the Board lodged the warrant until the court sentenced him for his new criminal convictions.[2]

■ Where, as here, the parolee posted bail following his or her arrest on new criminal charges and was thereafter incarcerated based solely on the Board's detainer warrant, any pretrial time spent in custody is credited to the original sentence upon recommitment. *Gaito v. Pennsylvania Board of Probation & Parole*, 128 Pa.Cmwlth. 253, 563 A.2d 545 (1989), *appeal denied*, 525 Pa. 589, 575 A.2d 118 (1990). In recalculating Presley's maximum parole expiration date in its October 1, 1998, order, the Board gave Presley a

1. By opinion and order dated September 9, 1999, this Court denied the petition filed by Presley's court-appointed counsel, in which he sought to withdraw his representation of Presley in this appeal asserting that his conscientious review of the record did not reveal any arguable merit. This Court ordered Presley's counsel to either file a new petition to withdraw or submit a brief on the merits of the appeal within thirty days. *See Presley v. Pennsylvania Board of Probation & Parole*, 737 A.2d 858 (Pa.Cmwlth.1999). Presley's counsel subsequently filed a brief addressing the merits of the appeal.

2. This Court's scope of review is limited to determining whether necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights of the parolee were violated. *Snyder v. Pennsylvania Board of Probation & Parole*, 701 A.2d 635 (Pa.Cmwlth. 1997), *appeal denied*, 555 Pa. 693, 722 A.2d 1059 (1998).

credit for ten months and eighteen days that he served from February 27, 1996, the date of the Board's detainer warrant, until January 15, 1997, the date of his sentence for the new convictions, with backtime of two years, seven months and three days remaining on his original sentence. Thus, the record simply does not support Presley's contention that the Board failed to give him a proper credit for the time spent in custody before his sentence on January 15, 1997.

Presley next contends that the sentencing judge granted him a "parole" on January 15, 1997 when she sentenced him to "time-in" to eighteen months for his convictions of the new charges, and that the Board, therefore, should have given him a credit toward the backtime on his original sentence for one year and fifteen days that he spent in custody from January 15, 1997 to January 30, 1998, the date of expiration of the eighteen-month maximum term of the new sentence.

To support his assertion that he was paroled on January 15, 1997, Presley relies on the sentencing judge's letter sent to the parole agent on November 17, 1998, after he filed the request for administrative relief challenging the Board's recalculation of his maximum parole expiration date. In that letter, the sentencing judge stated:

> Specifically he was sentenced to time served to 18 months incarceration followed by two (2) years reporting probation consecutive to any period of state incarceration that Mr. Presley was required to serve.

> A sentence of time served is a very common practice in Philadelphia County. It literally has the effect of an immediate parole. In this particular case, the sentence was created in this fashion so that Mr. Presley might begin to immediately serve his state sentence. Effective as of the date of my sentence (January 14, 1997).[sic] Mr. Presley has completed the period of incarceration imposed on the above captioned case.

Sentencing Judge's Letter dated November 17, 1998.

■ In this Commonwealth, the sentencing courts have no inherent authority to grant paroles; therefore, the courts' "authority to do so must come from the General Assembly." *Patrick v. Pennsylvania Board of Probation & Parole,* 110 Pa.Cmwlth. 121, 532 A.2d 487, 488 (1987). Section 26 of the Act of August 6, 1941, P.L. 861, *as amended,* commonly known as the Parole Act (Act), 61 P.S. § 331.26, confers sentencing courts authority to grant "[p]aroles from imprisonment for less than a maximum period of two years."

■ Section 14 of the Act, 61 P.S. § 314, sets forth the following procedures for granting a parole:

> No convict shall be paroled, under the provisions of this act, except upon petition verified by the oath of the person convicted or by some one in his or her behalf, and presented and filed in the court in which such person was convicted. Upon the presentation of any such petition, the court shall fix a day for hearing. A copy of said petition shall also be served upon the district attorney and upon the prosecutor in the case, if he is resident within the county, at least ten days before the day fixed for said hearing. Proof of service upon the district attorney and the prosecutor shall be produced at the hearing. After such hearing, the court shall make such order as to it may seem just and proper.

Section 14 applies to the prisoners serving a maximum term of less than two years, whether they are confined to state or county correctional facilities. *Georgevich v. Court of Common Pleas of Allegheny County,* 510 Pa. 285, 507 A.2d 812 (1986).

■ The record in this matter does not reveal a verified petition for parole filed on behalf of Presley before the January 15, 1997 sentence pursuant to Section 14 of the Act. Further, under Section 14 of the Act the sentencing judge was required to enter a specific order disposing of a re-

quest for a parole. Neither the January 15, 1997 sentence order nor the November 25, 1997 revised order contains any language indicating that Presley was granted a parole. In the revised sentencing order, the sentencing judge stated only that Presley was sentenced to "[t]ime-in . . . to eighteen (18) months," without stating that he was paroled upon completion of the minimum term of time served. In the absence of specific language granting a parole, the court's sentencing order cannot be construed as an order granting a parole.

▮▮▮▮ It is well established that a parole is a matter of grace and mercy, not a matter of a prisoner's fundamental right. *Blair v. Pennsylvania Board of Probation & Parole*, 78 Pa.Cmwlth. 41, 467 A.2d 71 (1983), *cert. denied*, 466 U.S. 977, 104 S.Ct. 2358, 80 L.Ed.2d 830 (1984). The prisoners, therefore, have no absolute right to be paroled upon the expiration of his or her minimum term of the sentence. *Krantz v. Pennsylvania Board of Probation & Parole*, 86 Pa.Cmwlth. 38, 483 A.2d 1044 (1984). The minimum sentence only establishes an eligibility date for a parole. *Id.* Thus, contrary to the sentencing judge's statement in her letter, made more than twenty-two months after her sentence, the order sentencing Presley to the minimum term of time served cannot have the effect of an immediate parole, unless a specific order granting a parole has been entered.[3]

Where, as here, the parolee was paroled from the state correctional institution and thereafter sentenced to serve in the county prison following the new criminal convictions, he or she must first serve the term of the new sentence before serving the backtime remaining on the original sen-

tence. Section 21.1 of the Act, added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. § 331.21a. After the credit given by the Board for the time served in his pretrial custody, Presley had the backtime of two years, seven months and three days remaining on his original sentence. Presley completed the eighteen-month maximum term of his new sentence on January 30, 1998 and became available to serve the backtime remaining on his original sentence. Thus, the Board correctly recalculated Presley's maximum parole expiration date to September 3, 2000.

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, this 8th day of March, 2000, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.

---

**3.** As observed in *Georgevich v. Strauss*, 772 F.2d 1078 (3rd. Cir.1985) (J. Sloviter dissenting), *cert. denied*, 475 U.S. 1028, 106 S.Ct. 1229, 89 L.Ed.2d 339 (1986), there are inconsistencies in statewide practices in courts' implementation of Section 14 of the Act. We note that courts of common pleas of some counties, e.g., Butler County, Carbon County, Lehigh County and York County, have issued general administrative orders, which state

that a defendant sentenced to serve a minimum term of imprisonment shall be paroled immediately upon serving the minimum sentence, unless a petition objecting the defendant's release on parole is filed before expiration of the minimum sentence. *See* Appendix "E" attached to the Board's brief. The record in this matter does not indicate that the Court of Common Pleas of Philadelphia County has issued such administrative order.