Sylvester Stallone Anderson,                    :
                     Petitioner        :
                                    :
            v.                      :
                                      :
Pennsylvania Board of                           :
Probation and Parole,                           :   No. 1597 C.D. 2018
                   Respondent       :   Submitted: April 26, 2019


BEFORE:   HONORABLE ANNE E. COVEY, Judge[1]
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COVEY                  FILED:  February 28, 2020

          Sylvester Stallone Anderson (Anderson) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) November 9, 2018 order denying his request for administrative relief.  Anderson presents three issues for this Court's review: (1) whether the Board erred by denying him credit for the time he was constructively paroled from his state sentence to serve his federal sentence; (2) whether the Board erred by denying him credit for the time he served from October 30, 2017 to the present; and (3) whether the Board erred by denying him credit for the time he spent at the Harrisburg Community Corrections Center (CCC) from November 3, 2016 to December 30, 2016.[2]  After review, we affirm in part, and vacate and remand in part.

          Anderson is an inmate at the State Correctional Institution (SCI) at Somerset.  On November 5, 2013, Anderson was sentenced to 9 months to 5 years of incarceration for Possession with Intent to Deliver a Controlled Substance (Original

---

[1] This matter was assigned to the opinion writer on February 11, 2020.

[2] This Court has changed the order of Anderson's arguments for ease of discussion.

Sentence). At that time, his maximum sentence release date was March 12, 2018. On June 11, 2014, Anderson was released on parole from his state sentence to serve a federal sentence. Certified Record (C.R.) at 9. On June 12, 2015, Anderson was released from his federal sentence to the Keystone CCC. C.R. at 36.

On October 9, 2015, Anderson was arrested and charged with Driving Under the Influence (DUI). The Board lodged a 48-hour detainer on that same date. On October 12, 2015, Anderson was accused of firearms violations, terroristic threats and simple assault, and a warrant was issued for his arrest.[3] On October 14, 2015, the Board issued a Warrant to Commit and Detain Anderson. On October 20, 2015, Anderson waived his right to a detention hearing. On October 21, 2015, Anderson posted bail on his DUI charge.

On October 25, 2015, Anderson was returned to state custody. On January 26, 2016, Anderson was convicted of DUI and sentenced to 6 months of probation. On February 25, 2016, Anderson signed a waiver of his right to a revocation hearing and admitted to being convicted of DUI. On May 3, 2016, the Board recommitted Anderson as a convicted parole violator (CPV) and recalculated his Original Sentence maximum release date to July 10, 2019.

On November 1, 2016, Anderson was paroled to the Harrisburg CCC. C.R. at 81. On March 28, 2017, Anderson was charged with Possession with Intent to Deliver a Controlled Substance, Possession of a Controlled Substance and Criminal Use of a Communications Facility (New Charges). On April 7, 2017, the Board declared Anderson delinquent while on parole effective April 6, 2017. On April 10, 2017, the Board issued a Warrant to Commit and Detain Anderson.

On April 11, 2017, the Cumberland County Common Pleas Court set bail on Anderson's New Charges. On May 17, 2017, the Board issued an

---

[3] These charges were ultimately dismissed.

administrative decision to detain Anderson pending disposition of his New Charges. By a decision mailed August 4, 2017, the Board modified its prior decision and recalculated Anderson's Original Sentence maximum release date to July 14, 2019. On October 30, 2017, Anderson posted bail on his New Charges. *See* C.R. at 113. On November 20, 2017, Anderson was returned to state custody (SCI-Pine Grove). *See* C.R. at 116.

On January 9, 2018, Anderson pled guilty to Possession of a Controlled Substance and was sentenced to 6 to 12 months of incarceration (New Sentence). On February 5, 2018, Anderson waived his right to a revocation hearing and admitted to committing the new crime while on parole. By decision mailed April 5, 2018, the Board recommitted Anderson as a CPV to serve 12 months' backtime. On May 30, 2018, Anderson was paroled from his New Sentence to his "state parole violation." *See* C.R. at 147 (Cumberland County Common Pleas Court Order).[4] By decision mailed June 20, 2018, the Board recalculated Anderson's Original Sentence maximum release date to November 28, 2020.

On June 29 and July 19, 2018, the Board received petitions for administrative remedies from Anderson objecting to the recalculation of his Original Sentence maximum release date. By decision mailed November 9, 2018,[5] the Board denied Anderson's requests for administrative relief. Anderson appealed to this Court.[6]

---

[4] Notwithstanding, the order in which Anderson should have served his New Sentence and his Original Sentence is an issue before this Court and is discussed below.

[5] The Board mailed two decisions on November 9, 2018. One decision affirmed the Board's June 20, 2018 decision; the other affirmed the Board's April 19, 2018 decision.

[6] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

Anderson argues that the Board erred by denying him credit for the time he was constructively paroled from his state sentence to serve his federal detainer, *i.e.*, from June 11, 2014 to June 11, 2015. The Board rejoins that Anderson is not entitled to sentence credit for the time he was serving his federal detainer sentence.

The law is well established that a parolee is not entitled to credit against his original sentence for time spent incarcerated on constructive parole to another sentence. *Medina v. Pa. Bd. of Prob. & Parole*, 120 A.3d 1116 (Pa. Cmwlth. 2015). The record reflects that, on June 11, 2014, Anderson was released to his "FEDERAL DETAINER VOP ONLY." C.R. at 9. Anderson asserts that the record does not indicate where he was held while in federal custody, and an evidentiary hearing is required to make such determination. Specifically, Anderson "requests an [e]videntiary [h]earing to determine where [he] was serving in [f]ederal [c]ustody, the nature of the incarceration and any time credit available." Anderson Br. at 8. Because the nature of the incarceration is not the dispositive factor, *see Medina*, and Anderson does not dispute that he was in federal custody serving another sentence, an evidentiary hearing is not mandated. Accordingly, the Board properly denied Anderson credit for the time he was constructively paroled from his state sentence to serve his federal detainer.

Anderson next argues that the Board erred by denying him credit for the time he served from October 30, 2017 to the present because the Moves Report shows he was returned to state custody (SCI-Camp Hill) on November 2, 2017. *See* C.R. at 148. In addition, Anderson asserts that because there is no record of where he was serving his time, an evidentiary hearing is required.

Initially, Section 6138(a)(4) of the Prisons and Parole Code (Parole Code) provides: "The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator." 61 Pa.C.S. §

4

6138(a)(4). Further, "[w]here . . . the parolee was paroled from the [SCI] and thereafter sentenced to serve in the county prison following the new criminal convictions, he or she must first serve the term of the new sentence before serving the backtime remaining on the original sentence." *Presley v. Pa. Bd. of Prob. & Parole,* 748 A.2d 791, 794 (Pa. Cmwlth. 2000).

The law is well settled that when an inmate is held on both a Board detainer and new charges and the inmate does not post bail, the time served is credited to the new sentence, provided the new sentence is longer than the time served. *See Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759 (Pa. 2017); *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299 (Pa. 2003); *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568 (Pa. 1980); *Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117 (Pa. Cmwlth. 2018); *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348 (Pa. Cmwlth. 2007). Conversely, when an inmate is incarcerated solely on the Board's detainer, the time served is credited to the original sentence. *See Smith*; *Martin*; *Gaito*; *Hughes*; *Armbruster*.

Here, the Board lodged its warrant on April 10, 2017, and bail was set on the New Charges on April 11, 2017. Anderson posted bail for his New Charges on October 30, 2017, was sentenced thereon on January 9, 2018, and was paroled therefrom on May 30, 2018. The Board credited Anderson with 72 days for the time he spent solely on the Board's warrant from April 10, 2017 to April 11, 2017, and from October 30, 2017 to January 9, 2018.

However, although Section 9762(b)(3) of the Judicial Code requires: "Maximum terms of less than two years shall be committed to a county prison within the jurisdiction of the court[,]" 42 Pa.C.S. § 9762(b)(3), Anderson is correct that there is no evidentiary basis for concluding that he served his New Sentence in a county prison. In fact, the Moves Report shows that Anderson had been in state custody since November 2, 2017, *see* C.R. at 148, and in its brief to this Court, the Board

states: "On November 2, 2017, Anderson was returned to the Department of Corrections[′] custody." Board Br. at 4. Nowhere in the record or in the Board's brief does it evidence that Anderson served his New Sentence in a county prison.[7]

Indeed, the Cumberland County Sentencing Court Order provides, in relevant part:

> AND NOW, this 9th day of January, 2018, [Anderson] appearing via video together with counsel in open court, and [Anderson] tendered a voluntary plea of guilty to Count 3, Unlawful Possession of Heroin, in full satisfaction of all the charges at this docket, his plea is accepted and recorded.
>
> [Anderson] having requested immediate sentencing, and there being a time credit, the sentencing is as follows:
>
> 1. [Anderson] is to serve a term of confinement of not less than 6 months nor more than 12 months in prison.
>
> **Normally this would be a [c]ounty sentence, however, he is currently awaiting parole revocation in a [s]tate facility and he may finish any remainder of his time there**. . . .

C.R. at 180 (emphasis added).

> Section 6138(a)(5) of the Prisons and Parole Code states:
>
> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> (i) **If a person is paroled from [an SCI] and the new sentence imposed on the person is to be served in the [SCI]**.
>
> (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

---

[7] The Moves Report also reflects that Anderson was transferred to SCI-Pine Grove on November 20, 2017. *See* C.R. at 148.

> (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138(a)(5) (emphasis added). "Thus, the salient issue when determining the order in which a CPV must serve Board-mandated backtime and a new, [] court-imposed sentence is not the length of that sentence, but rather *where* that sentence is to be served." *Harner v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 358 C.D. 2019, filed September 5, 2019), slip op. at 4.[8] Because it appears that Anderson served his New Sentence in state custody, this Court is constrained to remand this matter to the Board for an evidentiary hearing to determine whether the Board properly determined the order in which Anderson was to serve his backtime and his New Sentence.

Lastly, Anderson argues that the Board erred by denying him credit for the time he spent at the Harrisburg CCC from November 3, 2016 to December 30, 2016. The Board rejoins that Anderson waived this argument by not raising it in his request for administrative relief. However, Anderson provided in his "Explanation" on his Administrative Remedies Form:

> I was released from SCI[-]Houtzdale 11/3/16[.] I was released on parole [sic] I went to [a] halfway house in Harris[b]urg[,] PA on Cameron Street[.] **I got out of the Halfway House 12/30/16**[,] **I was recommit[ted] to Cumberland County Prison on 4/10/17** on new charges while on parole. I s[a]t in Cumberland County from 4/10/17 until I mad[e] [b]ail on 10/28/17[,] then I went to Camp Hill SCI 11/1/17[.] I plead [sic] guilty to a simple possession in Cumberland County[,] I was sentenced [on] 1/9/18[.] **I only owe parole 3 [and] a half month[s] backtime**[.]

---

[8] This Court acknowledges that its unreported memorandum opinions may only be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). *Harner* is quoted for its persuasive value.

C.R. at 166 (emphasis added).[9] The above statement reveals that Anderson believes only the time between his release from the halfway house (12/30/16) and his recommitment to Cumberland County Prison (4/10/17) should be included in his backtime.[10] Thus, he contends that his time in the halfway house is indeed confinement.

Section 73.1(b)(2) of the Board's Regulations provides: "The failure of a petition for administrative review to present with accuracy, brevity, clearness and specificity whatever is essential to a ready and adequate understanding of the factual and legal points requiring consideration will be a sufficient reason for denying the petition." 37 Pa. Code § 73.1(b)(2). "The issue of the restrictive nature of the program is properly raised when it is sufficiently presented in an administrative appeal to the Board." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 36 (Pa. Cmwlth. 2006). Because Anderson referenced the facility and the time period he alleges is confinement, he clearly communicated that he was entitled to credit for his time spent at the Harrisburg CCC and, therefore, did not waive this issue. In accordance with this Court's precedent, since Anderson raised the issue before the Board, it is properly before this Court.

"If the issue is adequately raised in the administrative appeal, the Board is required to develop a record at a subsequent recommitment hearing and is required to make a factual determination as to the restrictiveness of the program." *Reavis*, 909

---

[9] Although this Administrative Remedies Form requested relief from the April 19, 2018 decision, the Board did not respond until November 9, 2018, *see* C.R. at 169, the same date the Board issued its decision on Anderson's appeal from the Board's June 20, 2018 decision. *See* C.R. at 186. Thus, Anderson was not aware that he had to raise the issue again when he appealed from the June 20, 2018 decision, until it was too late to do so.

[10] The Dissent maintains this statement is merely a "vague reference to spending time at a 'halfway house'." Concurring/Dissenting Op. at 2. However, Anderson not only mentions the halfway house, but also the dates he resided therein and the fact that said time should not be included in his backtime. *See* C.R. at 166. Clearly, Anderson's statement is sufficient to preserve the issue of whether he was entitled to credit for his time spent at the Harrisburg CCC.

A.2d at 36. Here, because Anderson was not afforded a hearing, this matter is remanded to the Board to conduct a hearing to develop the record on the restrictiveness of the Harrisburg CCC.

A remand is especially warranted here, given the Board's recommendation that

> [i]n the alternative, [] if this Court does not find that Anderson did not waive his claim regarding credit at the Harrisburg CCC, this Court should remand this matter to the Board to conduct an evidentiary hearing to determine the custodial nature of the Harrisburg CCC when Anderson resided there from November 3, 2016 to December 30, 2016, pursuant to the Pennsylvania Supreme Court's decision in *Cox* [*v. Pennsylvania Board of Probation & Parole*], 493 A.2d 680 [(Pa. 1985)].

Board Br. at 11 n.1. Accordingly, this matter is remanded to the Board for an evidentiary hearing to determine whether the time Anderson spent at the Harrisburg CCC was the equivalent of incarceration.

For all of the above reasons, the portion of the Board's order denying Anderson credit for his time served on the federal detainer is affirmed. The portion of the Board's order denying Anderson credit for the time he spent in custody from January 9, 2018 to present, and the time he spent in the Harrisburg CCC from November 3, 2016 to December 30, 2016 is vacated. The matter is remanded to the Board for an evidentiary hearing to determine in what order Anderson should have served his backtime and his New Sentence, and the restrictive nature of his time spent at the Harrisburg CCC.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sylvester Stallone Anderson,     :
          Petitioner        :
                        :
        v.                :
                        :
Pennsylvania Board of        :
Probation and Parole,        :   No. 1597 C.D. 2018
          Respondent     :

## O R D E R

AND NOW, this 28th day of February, 2020, the portion of the Pennsylvania Board of Probation and Parole's (Board) November 9, 2018 order denying Sylvester Stallone Anderson (Anderson) credit for his time served on the federal detainer is affirmed, and the portion of the Board's order denying Anderson credit for the time spent in custody from January 9, 2018 to present, and the time he spent in the Harrisburg Community Corrections Center (CCC) from November 3, 2016 to December 30, 2016 is vacated. The matter is remanded to the Board for an evidentiary hearing to determine what order Anderson's backtime and his Cumberland County sentence should have been served, and the restrictive nature of his time spent at the CCC.

Jurisdiction relinquished.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sylvester Stallone Anderson, :
                 Petitioner :
                   :
     v. : No. 1597 C.D. 2018
                   : SUBMITTED: April 26, 2019
Pennsylvania Board of :
Probation and Parole, :
              Respondent :

BEFORE:   HONORABLE ANNE E. COVEY, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

CONCURRING AND DISSENTING
OPINION BY JUDGE CEISLER           FILED: February 28, 2020

While I join most of the majority opinion, I respectfully disagree with the majority's conclusion that Petitioner Sylvester Stallone Anderson (Anderson) properly raised a claim to Respondent Pennsylvania Board of Probation and Parole (Board) that he should have received credit towards his sentence for time served at a "halfway house."

Pursuant to *Cox v. Pennsylvania Board of Probation and Parole*, 493 A.2d 680 (Pa. 1985), when a parolee argues that time spent at a community corrections center, halfway house, or similar facility was the functional equivalent of incarceration, the Board must hold an evidentiary hearing. 493 A.2d at 683. It is then the parolee's burden to prove that such facility was the functional equivalent of incarceration and thus establish that the Board should give him credit towards his sentence for time served at such a facility. *Id.* If the parolee does not make a *Cox* argument at the administrative level before the Board, he waives it and therefore

cannot then seek to raise the issue on appeal. 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551; *McCaskill v. Pa. Bd. of Prob. and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993).

Here, Anderson stated the following in the Administrative Remedies Form he mailed to the Board on April 27, 2018:

> I was released from SCI[-]Houtzdale [on] 11/3/16[.] I was released on parole [and then] I went to [a] halfway house in Harrisburg[,] PA on Cameron Street[.] I got out of the Halfway House [on] 12/30/16[.] I was [then] recommit[ted] to Cumberland County Prison on 4/10/17 on new charges while on parole. I s[a]t in Cumberland County from 4/10/17 until I mad[e] [b]ail on 10/28/17[,] then I went to [SCI-]Camp Hill [on] 11/1/17[.] I [pled] guilty to a simple possession in Cumberland County[, and] I was sentenced [on] 1/9/18[.] I only owe parole 3 [and] a half month[s of] backtime[.]

Certified Record at 166. This vague reference to spending time at a "halfway house" was not specific enough to trigger the Board's duty under *Cox* to hold an evidentiary hearing.

Based on the majority opinion, the Board would be required to hold a *Cox* hearing any time a parole violator mentions residing in a community corrections center or halfway house. In order to preserve such a claim for our consideration, a parole violator needs to aver, at minimum, that the conditions at a community corrections center, halfway house, or similar facility at which he resided were functionally equivalent to incarceration. Because Anderson failed to do so here, he has waived this issue. Therefore, I respectfully dissent, to the extent the majority deems preserved Anderson's claim that he should have received credit for time served at a "halfway house."

_____
ELLEN CEISLER, Judge