Walter Welch,                                     :
                    Petitioner                    :
                                                  :    No.   820 C.D. 2022
              v.                                  :
                                                  :    Submitted:  April 14, 2023
Pennsylvania Parole Board,                        :
                    Respondent                    :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                               FILED: February 1, 2024


Walter Welch (Petitioner) petitions for review of the order of the Pennsylvania Parole Board (Board), mailed July 5, 2022, which affirmed its decision, mailed March 1, 2022, recommitting Petitioner as a convicted parole violator (CPV) to serve nine months' backtime and setting September 11, 2026, as his maximum sentence date.  Petitioner argues that the Board erred in this calculation because it did not give him credit for time served in a state correctional institution (SCI) where he was confined on county criminal charges.  After review, we affirm.

## I. Facts and Procedural History

On May 7, 2002, Petitioner was sentenced to 8 years to 20 years' imprisonment for burglary with a maximum sentence date of September 5, 2021. (Certified Record (C.R.) at 1-2.)  On August 10, 2009, the Board paroled Petitioner to

a specialized community corrections center (CCC). *Id.* at 5-7. However, that action was temporarily suspended by the Board due to Petitioner's escape from CCC Kintock Erie on September 18, 2009. *Id.* at 8, 10, 77. On July 20, 2010, the Board authorized Petitioner's release on parole, and he was released to a county detainer. *Id.* at 13-18. He was transported from an SCI to a specialized county detainer on October 5, 2010, and then on August 17, 2011, to CCC Kintock Erie. *Id.* at 77. On November 17, 2011, Petitioner was discharged to an approved home plan. *Id.*

On October 3, 2013, Petitioner was arrested in Philadelphia County and charged with burglary, criminal mischief and criminal trespass. *Id.* at 24. On November 14, 2013, the Board issued an action detaining Petitioner, pending disposition of criminal charges. *Id.* at 19. On March 24, 2015, Petitioner was convicted of burglary and sentenced to three to six years' imprisonment. *Id.* at 42. On August 18, 2015, the Board issued a decision to recommit Petitioner to an SCI as a CPV to serve 24 months' backtime.[1] *Id.* at 26-29. On December 9, 2015, the Board rendered a decision to parole Petitioner, upon completion of violence prevention treatment, to a state detainer with a maximum sentence date of February 7, 2025. *Id.* at 34-36.

On November 8, 2018, the Board entered an order to release Petitioner on parole on or after March 10, 2019. *Id.* at 45-47. Petitioner's minimum and maximum release dates did not change. On March 24, 2020, a wanted notice request was executed by the Board because Petitioner's whereabouts were unknown and his last contact with his parole agent was February 28, 2020. *Id.* at 52. On April 10, 2020, the Board issued an administrative action declaring Petitioner delinquent effective March 24, 2020. *Id.*

---

[1] The Board listed Petitioner's original maximum sentence date as February 27, 2022, parole/reparole/delinquency/board warrant date as December 4, 2010, backtime credit of 495 days and backtime owed 3,608 days. The custody for return was March 24, 2015, and the recomputed maximum sentence date was February 7, 2025. (C.R. at 26-27.)

at 53. On May 22, 2020, the Board issued a warrant to commit and detain Petitioner following his arrest by the City of Philadelphia Police Department on the same day. *Id.* 54, 57. On June 24, 2020, the Board rendered a decision to recommit Petitioner as a technical parole violator (TPV) to an SCI, and his new maximum date was recalculated to April 7, 2025. *Id.* at 55-59.

On August 31, 2020, Petitioner was released on parole. *Id.* 61, 71. On November 27, 2020, Petitioner was arrested by the Yeadon Police Department and charged with robbery, theft by unlawful taking, retail theft, simple assault, and possessing instruments of a crime. *Id.* at 75-76. That same day, the Board issued a warrant to commit and detain Petitioner based on his arrest. *Id.* at 71. Petitioner was given notice of the charges and hearing on December 4, 2020. *Id.* at 72. That same, day Petitioner signed a waiver of representation by counsel and a waiver of his right to a detention hearing. *Id.* at 74. Petitioner was placed in the Delaware County Prison with bail set at $50, 000 cash or bond, which Petitioner could not post. *Id.* 94-101. On December 15, 2020, the Board issued a decision to detain Petitioner pending disposition of criminal charges for his November 27, 2020 arrest. *Id.* at 107.

On November 5, 2021, Petitioner pled guilty pursuant to a negotiated plea and was sentenced to 9 to 18 months' incarceration for theft by unlawful taking. *Id.* at 119. He was also sentenced to $11^{1/2}$ to 23 months for simple assault followed by 2 years of probation served consecutively to parole. *Id.* He was credited with 343 days of presentence credit on his Delaware County sentence because he was confined in Delaware Couty Prison on his new charges and did not post bail. *Id.* On November 15, 2021, Petitioner was transported to SCI-Smithfield. *Id.* at 151. On January 20, 2022, a revocation hearing was held at SCI-Frackville where Petitioner was represented by counsel. *Id.* at 130-142.

3

On February 4, 2022, the Court of Common Pleas of Delaware County granted Petitioner parole subject to a detainer from the Board. *Id.* at 164. On February 22, 2022, the Board issued a decision, mailed March 1, 2022, to recommit Petitioner to an SCI as a CPV to serve nine months' backtime. *Id.* at 167-68. The Board did not award any time spent at liberty while on parole because Petitioner's new offense was assaultive in nature, and he continued to demonstrate unresolved drug and/or alcohol issues. *Id.* His parole violation maximum date was recalculated from April 7, 2025, to September 11, 2026, adding 1,680 days of backtime owed on his original sentence to February 4, 2022, the day of his custody for return. *Id.*

On March 11, 2022, the Board received a *pro se* administrative remedies form from Petitioner disputing the calculation of his parole eligibility date. *Id.* at 173. Kent D. Watkins, Esquire, entered his appearance on behalf of Petitioner on March 23, 2022. *Id.* at 175. On July 5, 2022, the Board mailed its decision affirming and denying Petitioner's Administrative Appeal. *Id.* at 177-178. The Board explained:

> [Petitioner was paroled] on August 31, 2020[,] with a maximum date of April 7, 2025, leaving him with 1680 days remaining on his original sentence the day he was released. The Board denied him credit for the time spent at liberty on parole based on his recommitment as a [CPV,] which authorized the recalculation of his maximum date to reflect the same. 61 Pa. C.S. § 6138(a)(2). This means [Petitioner] owed 1680 days on his original sentence based on the recommitment. The Board applied no pre-sentence credit as [Petitioner] never posted bail on the new criminal charges out of Delaware County. *Gaito v. Pa. Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). This means that [Petitioner] still owed 1680 days on his original sentence based on the recommitment. Because [Petitioner] received a new term of county incarceration, the Prisons and Parole Code[2] [(Code)] provides that he must serve the new

---

[2] 61 Pa. C.S. §§ 101-3316.

4

sentence first. 61 Pa. C.S. § 6138(a)(5). The record reveals that [Petitioner] [was] paroled from his Delaware County sentence . . . on February 4, 2022, thus, making him available to begin service of his original sentence on that date.

*Id.* This appeal followed.

## II. Issue

Petitioner raises one issue on the appeal, whether the Board failed to award him credit for all time served exclusively pursuant to its warrant.

## III. Arguments

On appeal[3] to this Court, Petitioner argues that the Board incorrectly calculated his maximum sentence because it should have given him credit on his backtime **from November 15, 2021**, when he was returned to an SCI, and not from February 4, 2022, the date from which he was paroled from his Delaware County sentence subject to a detainer by the Board. Petitioner argues that under Section 6138(a)(5) of the Code, 61 Pa. C.S. § 6138(a)(5), his backtime should have begun on November 15, 2021, when he was returned to an SCI, regardless of which sentence he was serving at the time.

In response, the Board argues that Petitioner waived any challenge to the allocation of time credit for his pre-trial confinement on his new criminal charges when he failed to raise the issue in his appeal to the Board. It contends that the only issue Petitioner raised in his Administrative Remedies Form received on March 11, 2022,

---

[3] Our scope of review is limited to a determination of whether the necessary findings are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights of the parolee were violated. *See* 2 Pa. C.S. § 704; *Young v. Pennsylvania Board of Probation and Parole*, 189 A.3d 16, 18 n.3 (Pa. Cmwlth. 2018).

concerned the amount of backtime he was required to serve.[4] Petitioner did not raise any issue about what and/or how he was awareded credit on his new sentence from Delaware County. The Board argues that even if Petitioner did not waive the argument, it is without merit because the time from November 15, 2021, until February 4, 2022, had to be credited towards his new sentence since he did not post bail and had to serve his new county sentence first.

## IV. Discussion

### Waiver

It is well settled that a party may not assert an issue on appeal from a governmental agency unless he raised it in the first instance at the administrative level. 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551; *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993) ("It has been the holding of this Court that the issues not raised by a CPV before the Board in an administrative appeal are waived for purposes of appellate review by this Court."). Here, Petitioner did not raise this issue directly or indirectly in his Administrative Appeal (that his "return date" was somehow incorrect). Therefore, we agree with the Board that this issue was waived.

### Credit for Backtime

Even if the issue was not waived, we find it is without merit. Where a parolee is paroled from an SCI and thereafter sentenced to serve a term in county prison for a new conviction, the parolee must serve the new county sentence prior to serving

---

[4] The exact language in Petitioner's Administrative Remedies Form was, "I was recommit[ed] on 11-15-21, on 2-23-22 the Board rendered the decision for me to serve 7 months backtime. My parole sheet [had] me being eligible for parole a year later 11/09/22." C.R. at 173.

any backtime on the original state sentence. 61 Pa. C.S. §6138(a)(5)(iii);[5] *Presley v. Pennsylvania Board of Probation and Parole*, 748 A.2d 791, 794 (Pa. Cmwlth. 2000). The Board is not permitted to credit a parolee with backtime while he is serving time for a criminal conviction that occurred while on parole. *Walker v. Pennsylvania Board of Probation and Parole*, 729 A.2d 634, 638 (Pa. Cmwlth. 1999).

In *Wise v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 2090 C.D. 2011, filed May 3, 2012),[6] the petitioner was arrested in Dauphin County on charges of possession of drug paraphernalia and driving under the influence (DUI) on January 31, 2010. Slip op. at 1. On May 12, 2010, the petitioner was sentenced to 3 to 12 months' incarceration in the Dauphin County Prison. *Id.* at 2. He remained at the Dauphin County Prison until June 1, 2010, when he was transported to an SCI. *Id.* On October 20, 2010, the Board recommitted the petitioner as a CPV to serve 12 months' backtime. *Id.* at 2-3. He began serving that backtime on January 31,

---

[5] Section 6138(a)(5) of the Code states:

> If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:
>
> > (i) If a person is from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.
> >
> > (ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.
> >
> > (iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa. C.S. § 6138(a)(5).

[6] We may cite an unreported case for its persuasive value in accordance with Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

7

2011, when he completed his one-year sentence on the Dauphin County drug paraphernalia and DUI charges. *Id.* at 3. The petitioner filed an administrative appeal, asserting that he was entitled to credit on his original sentence for time served in the SCI. *Id.* The Board denied his appeal, and he appealed to this Court. *Id.* This Court held that Section 6138(a)(5) of the Code prohibits the Board from crediting the petitioner with backtime while he was serving a new criminal conviction; he had to serve his county sentence prior to serving backtime. *Id.* at 5.

As in *Wise*, Petitioner was sentenced to a county sentence of 9 to 18 months for theft by unlawful taking and $11^{1/2}$ to 23 months for simple assault followed by 2 years of probation to be served consecutively to parole. Section 6138(a)(5) of the Code requires Petitioner to serve the county sentence before he could begin serving the backtime owed on his original sentence. Petitioner was credited with 343 days of pre-sentence credit on his Delaware County sentence because he was confined in the Delaware County Prison on his new charges and did not post bail. Even though Petitioner was transferred to an SCI following the sentencing, he was still serving a county sentence and was not solely detained on the Board's detainer. Petitioner became eligible to begin serving his backtime on February 4, 2022, the date he was granted parole by the Delaware County. Section 6138(a)(5) of the Code prohibits the Board from crediting Petitioner with backtime while he was serving a sentence on a new criminal conviction; he was required to serve his county sentence prior to serving backtime. Accordingly, the Board did not err in using February 4, 2022, as the custody-for-return date in its recalculation of the parole maximum date.

### V. Conclusion

Petitioner waived the issue of time credit for his pre-trial confinement on his new criminal charges by not raising it in his Administrative Appeal to the Board.

8

Even if he did not waive the issue, Petitioner is not entitled to any credit because he had to serve his new county sentence prior to serving backtime. Therefore, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Walter Welch, :
               Petitioner :
                         : No. 820 C.D. 2022
          v. :
                         :
Pennsylvania Parole Board, :
               Respondent :

## _ORDER_

AND NOW, this 1st day of February, 2024, the Pennsylvania Parole Board's order mailed July 5, 2022 is AFFIRMED.

_____

PATRICIA A. McCULLOUGH, Judge